**Spencer ELLSWORTH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3672.**

Supreme Court of Alaska.

Aug. 18, 1978.

---

21. See note 2.

Robert Merle Cowan, Asst. Public Defender, Brian Shortell, Public Defender, Anchorage, for appellant.

Thomas B. Turnbull, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

PER CURIAM.

On January 23, 1976, near Homer, Alaska, Fish and Game Officers Hall and Robertson observed a moose kill site from the air. They went on foot into that general area and discovered another kill, approximately 500 yards from the residence of Spencer Ellsworth. A trail had been well beaten by snow machine from the scene of the second kill to the area immediately adjacent to the Ellsworth residence. This trail made a complete circle around the tree under which the moose kill was found and was intersected at a sharp angle by an older, less distinct trail.

The officers followed the trail to the Ellsworth home and spoke to Mrs. Ellsworth, who denied them permission to search the area. Officer Hall went into town to secure a search warrant. Officer Robertson stayed at the Ellsworth residence to "guard against destruction of evidence which we felt would be there."

The affidavit prepared by Officer Hall in support of the search warrant incorporated the facts stated above and requested a search warrant for the kitchen, storage areas and outbuildings within 150 feet of the residence. District Court Judge Hornaday issued the search warrant.[1]

---

1. The search warrant which was issued stated in part:

   Affidavit having been made before me by Cpl. Nathan D. Hall that he has reason to believe that on the premises known as the residence of Spencer Ellsworth located ½ mile north of the terminus of Skyline Drive near Homer in the Third Judicial District, State of Alaska, there is now being concealed certain property, namely moose meat, . . . .

After the search warrant was issued, Officer Hall returned to the Ellsworth residence and discovered moose meat in the barn which was located approximately 100 feet from the residence. The moose meat was used in the prosecution of Spencer Ellsworth for possession of illegally-taken moose in violation of 5 AAC 81.140(b).[2]

Ellsworth was convicted by jury, and appealed to the superior court. That court issued a memorandum decision on August 15, 1977, affirming the judgment. Ellsworth appeals from that decision.

We are first asked to determine whether probable cause existed for the issuance of the search warrant. On this point, the decision of Judge Hornaday is to be given "great deference",[3] and "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."[4]

After review of the record, we have determined that there was sufficient evidence presented to Judge Hornaday for him to find probable cause for the issuance of the search warrant.[5]

Ellsworth also contends that the search of his barn was beyond the scope permitted by the search warrant. The search warrant is somewhat ambiguous in referring to "the premises known as the residence of Spencer Ellsworth." On this point we are permitted to look to the circumstances surrounding the issuance of the warrant, and will not limit our inquiry to the face of the warrant.[6]

After reviewing the circumstances surrounding the issuance of the search warrant, including the facts contained in the sworn affidavit of Officer Hall's personal observations, we have determined that the search was not beyond the scope contemplated by the search warrant.

The judgment is AFFIRMED.

2. 5 AAC 81.140(b) provides:

No person may possess or transport any game or parts of game illegally taken.

3. *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637, 645 (1969); *Keller v. State,* 543 P.2d 1211, 1220 (Alaska 1975).

4. *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684, 689 (1965); *Keller, supra* at 1220.

5. " 'Probable cause under the Fourth Amendment exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.' " *Keller, supra,* at 1215, *quoting Berger v. New York,* 388 U.S. 41, 55, 87 S.Ct. 1873, 18 L.Ed.2d 1040, 1050 (1967).

6. *State v. Shelton,* 554 P.2d 404, 406–407 (Alaska 1976). *See also State v. Bisaccia,* 58 N.J. 586, 279 A.2d 675, 678 (1971).