**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**NUUSILA SUANI, Defendant**

High Court of American Samoa
Trial Division

CR No. 21-95

October 3, 1995

Before RICHMOND Associate Justice, AFUOLA, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel:      For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Reginald E. Gates, Public Defender

Order Partially Granting Motion To Suppress:

This order concerns the admissibility of evidence found inside a container, where the container was too small to contain the items mentioned in a search warrant.

## FACTS

On April 4, 1995, officers of the Department of Public Safety of plaintiff American Samoa Government ("ASG") executed a search warrant for the home and property of defendant Nuusila Suani ("Suani"). In commencing this search, the officers first met Suani outside of his home, and explained that they had come to search the premises for marijuana, under the authority of a search warrant. An argument regarding the officers' authority to search the premises ensued, and, for security reasons, the officers placed Suani in handcuffs. At some time during this encounter, Suani was presented with papers and told that a search warrant was among them. Although there is some dispute as to whether the warrant was among these documents, we are persuaded by the evidence that Suani received a copy of the warrant.

At some time during this initial encounter, the police officers also began searching the premises for marijuana, and ultimately found and seized

39

two growing marijuana plants. Having found these two plants, the officers formally placed Suani under arrest and, because he resisted, physically took Suani inside the home where the search continued. The officers found a marijuana joint sitting on top of a cardboard barrel in the living room and a briefcase containing: a .38 revolver, 462 marijuana seeds, a glass smoking pipe, three packets of cigarette rolling papers, and other drug paraphenalia.

Suani moved for suppression of the evidence obtained during this search, alleging that the officers ignored the limitations of the search warrant. A hearing was held on this motion on September 26, 1995, with Suani and counsel for both parties present.

## DISCUSSION

█ The constitutional provision governing searches and seizures in American Samoa reads as follows:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. Evidence obtained in violation of this section shall not be admitted in any court.

REV. CONST. OF AM. SAMOA, art. I, § 5.[1] The general rule governing the execution of search warrants is that only items named in the warrant may be seized. *Stanford v. Texas*, 379 U.S. 476 (1964). ASG asserts that the search proceeded under a reasonable interpretation of the warrant.

### 1. The Marijuana Joint

█ The "plain view" doctrine is a recognized exception to the requirement of a warrant in American Samoa, and permits a warrantless seizure of private property when three conditions are satisfied: (1) the police officer's presence in the area must be lawful; (2) the discovery of the evidence must be inadvertent; and (3) the incriminating nature of the

---

[1] Because this language mirrors the language of the federal Constitution (adding a sentence constitutionalizing the exclusionary rule), federal and state cases are persuasive, but not binding authority in American Samoa. *See American Samoa Gov't v. Loia*, 16 A.S.R. 2d 1, 3 n.1 (Trial Div. 1990).

evidence must be immediately apparent. *American Samoa Gov't v. Loia*, 16 A.S.R.2d 1, 3 (Trial Div. 1990).

The police intrusion into the residence was clearly lawful, since the officers had a warrant to search the house for "marijuana plants." All of the evidence indicates that the marijuana joint was in plain view in the living room, that the officers could scarcely have missed seeing it, and that they immediately recognized it as contraband by virtue of their training and experience in handling narcotics cases.

### 2. The Items in the Briefcase

Suani contends that the search of the briefcase within his residence was illegal, since the warrant authorized the police officers to search for marijuana plants, which the warrant application described as between three and five feet tall. Suani contends that plants of this size would not fit within a briefcase, disqualifying the briefcase as a legitimate area for intrusion. Suani further contends that the warrant limited the search to "marijuana plants" because, although ASG applied for a warrant to search for "marijuana plants, and related paraphernalia," the warrant itself did not include explicit authority to search for "related paraphernalia."

### A. The Definition of "Marijuana Plants"

■ ASG argues that the term "marijuana plants" is broad enough to include the marijuana seeds found within the briefcase, and that the handgun was found in the officers' plain view, while engaged in a good faith search for marijuana. When there is an ambiguity on the face of a search warrant, we may look to the circumstances surrounding the issuance of the warrant to discover its meaning. *Ellsworth v. State*, 582 P.2d 636, 638 (Alaska 1978).

■ The application for the warrant anticipated marijuana plants between three and five feet in height, and "related paraphernalia." The warrant did not authorize the requested search for "related paraphernalia," despite the specific request in the warrant application. We conclude, therefore, that the warrant anticipated a search for marijuana plants at least three feet tall, whether growing or harvested. Accordingly, the warrant provided authority to search only those containers and other spaces, which are large enough to conceal such plants. *United States v. Chadwell*, 427 F. Supp. 692, 696 (D. Del. 1977). The present case involved a search for the proverbial elephant in a filing cabinet.

ASG suggests that we use the statutory definition of marijuana, found in A.S.C.A. § 13.1001(h), which states that "Marijuana means all parts of

41

the plant Cannabis Sativa, L., whether growing or not, the seeds thereof . . . ."  We reject this suggestion. As Suani points out, the statute defines *marijuana* generally, not *marijuana* plants. *Marijuana* does not mean *marijuana plants* any·more than *dog* means *doghouse*. The warrant anticipates a search for marijuana in plant form, denying a more invasive warrant to search for "related paraphernalia," which would have authorized police intrusion into smaller spaces.

### ⸝ B.  Plain View of the Briefcase

■ One police officer testified that it is common for him to find drug paraphernalia within briefcases, and therefore, when he saw the briefcase in plain view, it suggested to him that there would be drugs inside. We offer the reasoning of the U.S. Court of Appeals for the Eighth Circuit on this point:

> The plain view doctrine does not authorize search and seizure of items contained within objects like *attache cases*, file cabinets, and luggage that are themselves in "plain view." A "plain view" seizure is limited to items that are clearly incriminating and that are inadvertently encountered in the course of a justifiable intrusion.

*United States v. Jackson*, 576 F.2d 749, 753 (8th Cir. 1978) (emphasis added; citations omitted); *see also United States v. Presler*, 610 F.2d 1206, 1214 (4th Cir. 1979).

■ We hold that the contents of a container may not be discovered under the plain view exception unless it is "immediately apparent" that the container probably holds incriminating evidence (such as a weapon case might), or is of itself somewhat incriminating. *United States v. Corbin*, 494 F.Supp. 244, 247 (M.D.NC 1980). This is clearly not the situation in this case.

### REMEDIES

■A search undertaken pursuant to a warrant must be directed in "good faith toward the objects specified in the warrant." *United States v. Rettig*, 589 F.2d 418, 423 (9th Cir. 1978). If the warrant has been allowed to become an object for a "general search" and "it is not possible for the court to identify after the fact the discrete items of evidence which would have been discovered had the agents kept their search within the bounds permitted by the warrant," all seized evidence must be suppressed. *Id.*

■ Generally, however, "the exclusionary rule does not require the suppression of evidence within the scope of a warrant simply because

42

other items outside the scope of the warrant were unlawfully taken as well." *United States v. Tamura*, 694 F.2d 591, 597 (9th Cir. 1982); *Marvin v. United States*, 732 F.2d 669, 674 (8th Cir. 1984). The threshold question for suppressing all evidence obtained in a search is whether or not the behavior of the police officers is so unconscionable as to rise to the level of a due process violation. *Tamura*, 694 F.2d at 597. Due process is violated only where there is "flagrant disregard for the limitations of the search warrant," transforming the particularized warrant into a general search. *Marvin v. United States*, 732 F.2d at 674-75; *United States v. Wuagneux*, 683 F.2d 1343, 1354 (11th Cir. 1982); *see also U.S. v. Medlin*, 842 F.2d 1194, 1199 (10th Cir. 1988).

Although the police officers exhibited a cavalier attitude regarding the warrant's limitations on this occasion, we do not find that the search was undertaken in bad faith. Without prior judicial precedent for guidance in this jurisdiction until after the search in this case, *see American Samoa Govt. v. Dallace Seiuli*, 29 A.S.R.2d ___ (Trial Div. 1995), we can understand the officers' logic and motives when they suspect larger game but have probable cause only for particularized drugs to support a search warrant. Furthermore, we can also readily identify the things which would have been discovered had the search been kept within the warrant's limitations. We find no reason, therefore, to suppress all of the evidence in this case. However, we also alert ASG's Attorney General and Commissioner of Public Safety that with this case and *Seiuli* as precedents, we are likely to find bad faith if police officers ignore the parameters of search warrants in the future.

### ORDER

1. We suppress all of the materials found within the briefcase, which were found and seized in violation of the limitations of the search warrant.

2. We do not suppress the marijuana plants, which were described in the warrant. We also do not suppress the marijuana joint found in plain view on top of the cardboard barrel in the living room of Suani's house.

3. The suppressed items of evidence are contraband. Pursuant to A.S.C.A. § 46.4234, the .38 pistol is confiscated. Pursuant to A.S.C.A. § 13.1033, the drugs and drug paraphernalia are forfeited. The Commissioner of Public Safety shall retain custody of these items, subject to the court's ultimate disposal orders.

It is so ordered.